Andrew O'Connor Watson, Pro Per

v.

"C.P." (Name Illegible) Member of the

Wisconsin Nursing Board

And

John or Jane Doe Nursing Board Agents

#1 thru #10

Case Number: 23-C-1270

A. PARTIES

    1. Plaintiff is a citizen of California and resides at

    9228 Todos Santos Drive Santee, CA 92071

    2. Defendant

    "C.P." (Name Illegible) Member of the

    Wisconsin Nursing Board Author of "Request for Information" dated January 28, 2021

    And

    John or Jane Doe Nursing Board Agents #1 thru #10

    Board of Nursing DSPS PO Box 8366 Madison, WI 53708-8366

    Is a citizen of Wisconsin

    and resides at Unknown

    and worked for Board of Nursing DSPS PO Box 8366 Madison, WI 53708-8366

B. STATEMENT OF CLAIM

In a Letter Dated January 28, 2021 RE: Application to Renew Registered Nurse License #178603-30 Request for Information signed "C.P." (name illegible) a Member of the Wisconsin Nursing Board writes, "You provided several statements in connection with your conviction review documents (attached), which have raised concerns regarding whether you are competent and fit to practice professional nursing. However, your provided statements appear rambling, disjointed, threatening and are difficult to understand." (documents not attached per guidance in Eastern District "Civil Rights Complaint Guide" B.). I address each complaint of the list quoted in sentence two below, separately, respectively. There appears to be no dispute on truthfulness of the petition by the State. At issue is style of speech of nurse litigants.

RAMBLING

To address this requires definition. Wisconsin is relying entirely on Wisconsin Administrative Code N 6.03 "General Nursing Procedures" there is no definition of "Rambling" in that Code and I could not find it in Black's Law Online. It is a widespread frustration of Attorney's I spoke with Wisconsin nursing board has refused to publish style guidance or rules on decorum. Oxford defines a ramble as (of writing or speech) lengthy and confused or inconsequential. The length of speech at issue is one page. Wisconsin responds to the one page message with a subsequent request for more information.    I respond again with a one page expansion of ideas. Wisconsin censors the request for more information I suppose to falsely pretend confusion for obstructive and deceptive purpose. I am sympathetic to the frustration of communication being on a knife edge between verbosity and underreport. However, legal issues can be verbose. I am not an attorney. Wisconsin could have stated objective truth. Subjective impression is less resolved. Worse, because the intended audience is a psychologist the reader is confronted with objectively false and misleading statements from the State. This is inherently chilling. The First Amendment applies to readers as well as speakers. Therefore, there is no ramble by definition.

The ideas presented are not inconsequential either. Paragraph 3 of my October 02, 2020 Personal Statement part of the "ramble"(sic) details an apparent (un)alleged perjury. I request that the State of Wisconsin not conceal the apparent perjury nor a spoliation(s) of evidence. Because of the concealment we suspect and complain that a series of murders transpired in Port Washington, WI during the pandemic. Port Washington is not a high crime area and this number of murders or traumatic deaths is a high sigma anomaly(ies). The Wisconsin Circuit Court States based on closed and privileged information he does not think this is a serial homicide case (Ozaukee 2011CV92). I may be confused, and referential, due to incomplete knowledge but there are consequences to the State of Wisconsin in concealment of felonies. Nurse concealment is unethical.

I sympathize with the State of Wisconsin here, I did not write my best as I am not an attorney I am a former nurse. Legal discourse is hard. I write in a way expecting much of my readership. The proper complaint here in my view is 'dense and terse spanning one page'. Nearly opposite.

DISJOINTED

My writing did appear as if I am under distress. (Why does injustice and bad process not also bother the Wisconsin Board of Nursing here as BON?) This writing follows my first criminal conviction. The

conviction relies on false statements and clear spoliation(s). In retrospect this is speech preceding/during a murder. I knew I was wrongfully convicted as all the body camera evidence was spoliated. The police testimony self contradicts and I document precisely to the reports/testimony locations in paragraph 3 of my October 02, 2020 message. On Appeal, the Wisconsin Appeals Court in Sanction Motion warns the Attorney for Wisconsin against knowingly filing under false certification. The criminal suspicion relied on an indescribable witness (hence the necessity of spoliation?). Such a report is indistinguishable from spectral evidence. The State is a counterparty on appeal and should not have concealed material fact and falsely certified as it is not ethical and unlawful.

I have other reasons for distress. Style and taste, even where disjointed (if true), is protected by Cohen v. California, 403 U.S. 15, 25 (1971).

Naturally, Wisconsin obtusely providing conspiracy to cover up the spoliation and perjury which I warn violates Federal Laws is distressing 18 U.S.C. §§ 1621 and 1623 conspiracy via U.S. v Silverman, 745 F.2d 380, 388 (11th Cir 1993). With the benefit of hindsight the obstructions of justice detailed were part of and documented the intent of later homicides. I am disheartened Wisconsin nurses believed it was below your station of office to have the discussion on important matters in a phone call, or email to clarify and resolve.

As I said, in my writing which seems disjointed I am an espionage victim and you have a copy of my DD-214 which in cross reference to the US Marine MOS manual will reveal a job requirement. That job requirement in consultation with media sources demonstrates that I was part of the Office of Personnel Management leak. OPM can confirm. Because the police account has no empirical and sound basis I presented a speculation that is based in fact - parsimony is one legal standard. The US Courts refused to hear the OPM leak case due to standing and I can't be sure but life has changed dramatically since.

The Wisconsin Board of Registered Nurses (herein BON) and their agents have been maximally obstructive in renew of my nursing license. The Board has refused to communicate. The BON has repeatedly lost sensitive healthcare records. The Board has pretended to have not received communications while we have proof they have been received. I had been conversing with the Office of the Governor of Wisconsin because the BON failed or refused to communicate. Most recently the BON did or appeared to lie to the Governor's Office. I asked the Office of the Governor, Amy Moreland, in an email dated August 13 2023 if there was any way we could resolve this dispute. Ms. Moreland states, "I have reached out to DSPS to try and find out more about this situation. I will reach back out with answers as soon as possible..." The "situation" here is the apparent false reporting of to the Governor (DSPS is the State organization to which BON is part of and serves under the Governor). To date I have no response. I have exhausted all avenues of redress and am forced to appeal to the U.S. Courts for injunction of the Information Request.

THREATENING

This appears to me to be on its face false. I did make a very weak legal argument it would be unwise to conspire to conceal felonies which I documented. Pre-litigation language is dangerous to individuals and Courts demand it. Petition language is however undeniable and woven in to our government see

Marbery v Madison 5 U.S. 137 (1803). Therefore, it is hard to view truthful petitioner writing as a "threat". I suspect Wisconsin did make concealment of felonies which I have made apparent. Legal threats and true threats are distinguishable and nurses are not specifically forbidden of the former (WI 808.03(1)).

The Director of FBI Criminal Division States by email to me that the apparent perjury is a matter which Wisconsin needs to resolve as these are perjuries in State of Wisconsin Courts. (pre-Briona Taylor incident policy).

We disagree. I suspect (but cannot be certain) several fathers died as an otherwise preventable result of not following my recommendation, possibly law, and ethics. Most ironically, what I have documented is a perversion and abuse of justice by disarming me by way of a badly worded 2013 Concealed Weapons Carry versus Transportation Statute and obstructions as part of a possible intentional homicide(s). What is presented then is confession by way of projection. And because of the tribalism and controversy on institutions such as police power along with the concealments, obstructions it is especially hard to resolve the matter.

DIFFICULT TO UNDERSTAND

This is vague as a complaint. While I partially agree the writing isn't perfect literature. It's dense and terse and full of legalese. This is my first criminal conviction and I knew it was manifestly unjust and everyone outside of the State of Wisconsin is clear about it. I claim it arises out of my security clearance identity leak. Wisconsin abused and perverted justice to prosecute a nurse before a (bioweapon based) pandemic, a veteran with a lifetime of volunteerism and charity. A nurse who had begun to work in upstream care of urban gardens in Milwaukee while attending to dying children. I am hopeful the obstructions and frustrations presented can be relieved as I am well in to my application with the DEA. I don't think it is that hard to understand and in paragraph 3 of my letter dated October 02, 2020 it explains where to reference the material out of friendliness as the documentation is extensive. The extensiveness of speech is at the State's request. Other parties did understand me, the FBI Criminal Division Director understood me. The offices of the Senators of Wisconsin understood me.

Nurses are expected to be able to identify people. In this case we see a clear mismatch between dates of birth and stated or legal names. It should be well within the ability of a nurse. Not only is there a legal duty not to conceal, criminally conspire or misprision there are ethical duties. Courts have held nurses to a viewpoint neutral stance on speech retaliation. What appears to be presented is mere content and viewpoint indifferent tone policing. Tone policing is inherently discriminatory in nature. See: Keefe v. Adams, 840 F.3d 523 (8th Cir. 2016) and Lynch v. Barrett, 703 F.3d 1153 (10th Cir. 2013).

IN CONCLUSION OF LEGAL DUTIES

Wisconsin is relying on WAC N 6.03 "General Nursing Procedures" but applied to a pro se appellant. The matters discussed are spoliation of evidence and perjury. Those are not nursing procedures - ever. I did challenge the clear lack of authority but was dismissed.    The most appropriate professional standard to apply to litigants is of attorneys, which I am not. While Courts too often give extensive leeway to pro se

litigants and defendants for various reasons including advancing Law and the Constitution. It is often not the most intelligent approach to be a pro se litigant but I am now a poor person unable to otherwise address legit grievances because I cannot work. We ask the Court here to balance the Sixth Amendment rights and 28 U.S.C. § 1654 necessary stupidity against the ability of Wisconsin to limit those rights as applied to nurses via N 6.03 perhaps inappropriately. To be fair, while I was working I supplied the Circuit Court with very good Attorneys unsuccessfully. If Prosecutors, in frivolity of moral failure, attack the fundamentals we have as documented a failure of Courts, failure of State.

Wisconsin should narrowly tailor the Request for Information not to retaliate against free speech and the 6th amendment. As stated above, I suspect or dispute all of the claims of Wisconsin's criticism of my speech.

I have tried extensively to work out this minor conflict. I have supplied a Fitness for Duty report and it is normal. It is from Veteran's Affair's providers. It addresses the very remotely possible complaints even though they are very misleading. Wisconsin is very strongly suggesting to psychologists a diagnosis of schizophrenia. It is and should be a huge leap from a terse letter to a diagnosis of schizophrenia. However, the Fitness for Duty "evaluator" is then confronted with a very aggressive licensing board and the impossibility of making a fraudulent diagnosis of fake-schizophrenia. I did discuss the possibility of faking schizophrenia and faking taking anti-psychotic medication to pretend to have gotten better but the Veteran's Affairs is not interested in fraud.

I have approached all advertised forensic psychologists in the State of Wisconsin as well as the heads of the schools of Law, Medicine, Nursing, Social Work and Psychology. Nobody has the answer and everyone is chilled of speech due to the apparent aggression. The aggression transpired during a Pandemic where excess morbidity and mortality are present. The harms to the economy are profound. The aggression weakly probes at the indeterminacy of the origins of Covid-19. The implied democide and other harms are very difficult to overstate.

I am a California resident seeking a California Nursing License. Wisconsin is frustrating and obstructing the commerce in another State. Wisconsin may not provide a policy of hostility to other States (Franchise Tax Bd. of Cal. v. Hyatt, 578 U.S. 171, 136 S. Ct. 1277, 194 L. Ed. 2d 431 (2016) 28 U.S.C. 1251(b)(3). Wisconsin is in receipt of large Federal funds for gun crimes. If Wisconsin has falsely reported suspect convictions while concealing evidence of wrongdoing the 11th Amendment might offer no shield nor sword.

I have been given access to and housing in part due to the security situation by the U.S. Defense Department similar to what happened after the bombing of the Oklahoma Federal Facilities. While we cannot say for sure and I am unable to discuss the matter fully there may be ongoing threats to Federal agencies because of the refusal of Wisconsin to enforce their laws and protection of wrongdoing.

I have requested security from FBI Milwaukee to travel in Wisconsin which is denied. I am a refugee due to this vengeance. Wisconsin (and Wisconsin alone) law enforcement is involved in extensive wrongdoing by appearances. Due process protects law enforcement from rare risks. Nurse ethics are broadly anathema to cover up of serious crime. I am unable and unwilling to travel in Wisconsin and

therefore request remote appearances or venue in Southern California.

I am not undermining the conviction. I am not strongly interested in re-litigation. As far as we know, the facts are undisputed. No legal mechanism is known in Wisconsin to present known undisputed facts to the appeals Court. The Governor cannot at present forgive misdemeanors. The President cannot forgive State resolved misdemeanors. Wisconsin Courts have failed. The Professional board has retaliated against fact and ethically demanded and ministerial report by way of tone pathologizing a health provider through a pandemic arising between two strategic enemy states. I appreciate no case law fact pattern matching this description. Crime victims in each jurisdiction have affirmative rights (WI Chapter 950.) Even dangerous beliefs and politics are protected under Baird v. State Bar of Ariz., 401 U.S. 1, 4-6, 8 (1971).

We have undergone a regressive revolution few openly remark. The anti-Republicanism of politics and Courts is aligned with narrow factions and the interests of strategic enemies. The individual has been burdened with the harshness of States policing assertions in interest of presumed debt loading with asset confiscation ease. But documented here is apparent democide, cover up and lying.

I am prepared to discuss Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249, 21 Fla. L. Weekly Supp. 547 (2008) but would greatly appreciate some discourse from Wisconsin. I will follow FRCP 65 procedure if the Court is so satisfied. I would prefer to hear from Wisconsin why the apparent vengeance cannot be term limited? Better would be for the State of Wisconsin to accept Federalism principles and accept the fitness for duty already provided which resolved the fitness and competence concern in my favor.

ETHICAL DUTIES

Courts have affirmed the ANA Nursing Statement stating, "Nurses MUST address social determinants of health such as POVERTY." All nurses MUST firmly anchor in nursing's professional responsibility to address unjust systems and structures." "Nurses collaborate with others to change unjust structures and processes." Also, "Nurses have the right to freely and openly advocate for themselves and their patients, without fear of retribution." "Nurses in all roles MUST identify and where ever possible avoid conflicts of interest." ..."nurses may neither participate in nor condone through silence any attempts to conceal the error" in promoting a culture of safety. ANA code applies per Churchill v. Waters, 977 F.2d 1114 (7th Cir. 1992). (Capitalization emphasis all mine). Wisconsin likely eroded in calling ethical duty a "threat"(sic) and failed or refused duty.

MONEY DAMAGE INSUFFICIENCY

While we cannot revivify the dead; I hope it is clear to Wisconsin I am not maximal in pursuit of all possible claims (WI 940.01, 939.31 939.05). There does appear to be some possible State interest in protecting Brady cops and upholding bad convictions but these are separate issues from allowing vengeance against truth and victims to be term limited. I seek license by ending the conspiracy of silence and preserving status quo in California and the United States. I have some claim against Wisconsin Nursing Board's conspiracy. Courts have mechanisms of recusal, master, amici and the like to avoid

appearance or actuality of impropriety. Injunction against Wisconsin's speech retaliation would allow California Nursing Board to evaluate Nursing practice in California as I am a California resident seeking California or Federal employment as Wisconsin is hopelessly in failure of law. A Fitness for Duty is a bespoke not a standardized product and psychologists (nor me) can make sense of the expired Request for Information. Wisconsin appears to be asking for literacy tests perhaps? But, psychologists can not ethically do this as it is very clear I can write and speak. I very strongly doubt literacy is an issue. Wisconsin does not want to deal with the facts. Wisconsin refuses to communicate since August 13. One poorly styled not job related pro per appellant-litigant writing is not cause for ongoing abuse and conspiracy. Even if a writing was sign of schizophrenia (it is not in this instance) continued discrimination would violate the Americans with Disabilities Act. Cover up and conspiratorial bad process has naturally harmed the State. The State does not appear able to right the ship without outside assistance (18 U.S.C. § 4; 18 U.S.C. § 241; 42 U.S. Code § 1985 and 1986; ADA and FRCP 65). We claim no money damages to avoid the hurdles of Heck v Humphrey, 11th Amendment. I can not make a claim of malicious prosecution as one (and only one) element is impossible. Heck does not prevent me from expressing disappointing fact. Heck is a process, not a sword of unethical and unlawful conspiracy, obstruction.

---

C. JURISDICTION

I am suing for a violation of federal law under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 Ex Parte Young; FRCP 65.

D. RELIEF WANTED

I am requesting a Temporary Restraining Order hearing to resume status quo under Ex Parte Young by way of injunction the Board of Nursing "Request for Information" dated January 28, 2021 as Unconstitutional as applied for protected speech retaliation remotely due to the security situation. Zero money damages requested. $400,000 punitive damages requested.

E. JURY DEMAND

I want a jury to hear my case. YES

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 09 September 2023.

Humbly,

Andrew O'Connor Watson

Phone number 2624166953

aowatson@protonmail.com

Mailing Address: PO Box 712681 Santee, CA 92071.