UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW O'CONNOR WATSON,

　　　　　　　　　　Plaintiff,

v.

C.P. (*Name Illegible*) Member of the *Wisconsin Nursing Board* and JOHN OR JANE DOE NURSING BOARD AGENTS #1 THROUGH #10,

　　　　　　　　　　Defendants.

Case No. 23-CV-1270-JPS

**ORDER**

**1.　INTRODUCTION**

On September 25, 2023, Plaintiff Andrew O'Connor Watson ("Plaintiff") sued C.P., a member of the Wisconsin Nursing Board, and various unnamed "Nursing Board Agents" (together "Defendants"). ECF No. 1. Plaintiff paid the filing fee for this action. *Id.*[1] While the Court typically reserves the exercise of screening a complaint for those situations wherein the litigant proceeds in forma pauperis, the Court may nevertheless screen a complaint for which the filing fee has been paid where such complaint presents obvious issues in pleading and/or frivolity. The Court will do so in this case.

**2.　SCREENING**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are

---

[1] Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, ECF No. 3, which the Court will deny as moot in light of his payment of that fee.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status.") (citing 28 U.S.C. § 1915(e)(2)(B)). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (citing *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health*

*Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

At present, Plaintiff's complaint fails to give fair notice to Defendants of what claim or claims Plaintiff intends to bring. His allegations relate, at least in part, to a "January 28, 2021" "Request for Information" apparently sent to him in response to his application to renew his "Registered Nurse License." ECF No. 1 at 2. According to Plaintiff, this response was signed by "C.P.," a member of the Wisconsin Nursing Board, whose full name was apparently illegible. *Id*. Plaintiff takes issue with C.P.'s characterization of his application as "rambling, disjointed, threatening, and . . . difficult to understand" and with C.P.'s assessment that Plaintiff may not be "competent and fit to practice professional nursing." *Id.* Plaintiff asserts that these characterizations are in error in part because the Wisconsin Nursing Board "has refused to publish style guidance or rules on decorum." *Id.* Plaintiff also alleges that the Wisconsin Nursing Board's members have been "obstructive" in Plaintiff's attempts to renew his nursing license, have

"refused to communicate," and have "lost sensitive healthcare records." *Id.* at 3.[2]

Plaintiff also makes references to "a series of murders [that] transpired in Port Washington, WI during the pandemic" and to Ozaukee County Circuit Court Case No. 2011CV92. *Id*. That case pertained to "the Name Change of" Plaintiff. *In Re: the Name Change of Andrew Oconnor Watson,* Ozaukee County Circuit Court Case No. 2011CV92, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2011CV000092&countyNo=45 (last visited Oct. 4, 2023). It is not clear to the Court what that case has to do with a suspected "series of murders," nor is it clear how either assertion relates to any claim or claims Plaintiff attempts to raise in the instant case.

Plaintiff additionally asserts that he was "wrongfully convicted" in his "first criminal conviction," that "all the body camera evidence was spoliated," and that he is "an espionage victim." *Id.* at 2–3. He further takes issue with what he characterizes as a "fraudulent diagnosis of fake-schizophrenia." *Id.* at 5. In conclusion, he seeks to enjoin the Wisconsin Nursing Board and its members from retaliating against his protected speech, as well as to recover punitive damages. *Id.* at 7.

The nature and scope of Plaintiff's claims are unclear, and he appears to attempt to impermissibly join unrelated claims against various parties in a single suit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). The

---

[2]Although it is not entirely clear, Plaintiff does not appear to plead that his application was actually rejected. Rather, he claims to have merely been sent a "Request for Information" in response to his application. It is the content and tone of that Request for Information with which he apparently takes issue. ECF No. 1 at 2–3.

Court is unable to draw a logical nexus between various of the assertions, many of which do not appear to be related to one another and which are largely unintelligible. *See, e.g.,* ECF No. 1 at 6 ("The Anti-Republicanism of politics and Courts is aligned with narrow factions and the interests of strategic enemies. The individual has been burdened with the harshness of States [sic] policing assertions in interest of presumed debt loading with asset confiscation ease. But documented here is apparent democide, cover up and lying.").

To the extent that Plaintiff seeks to sue any of the members of the Wisconsin Nursing Board merely for their characterizations of his application as "rambling, disjointed, threatening, and . . . difficult to understand," for questioning his fitness for nursing, or for failing to communicate with him to the extent he deems appropriate, ECF No. 1 at 2–3, he cannot do so. Such allegations fail to invoke the jurisdiction of the federal courts and fail to state a claim for which this Court can grant any relief.

For example, while some of Plaintiff's assertions may sound vaguely in defamation, they fail to state a claim for defamation under Wisconsin law in part because such a claim requires a "false statement," *Colborn v. Netflix Inc.*, 541 F. Supp. 3d 888, 899 (E.D. Wis. 20021) (citing *In re Storms v. Action Wis. Inc.*, 750 N.W.2d 739, 748 (Wis. 2008)), and a person's opinion that another's writing appears "rambling, disjointed, threatening, and . . . difficult to understand" is a matter of opinion rather than one of fact, only the latter of which is "[]capable of being proven false." *Terry v. Uebele*, No. 2009AP2381, 2011 Wisc. App. LEXIS 34, at *10 (Wis. Ct. App. Jan. 19, 2011).

In any event, even if C.P.'s assertions could be deemed "false" as required to assert a claim for defamation under Wisconsin law, such a claim

would still fail because Plaintiff does not allege that C.P.'s critical assertions were "communicated . . . to a person other than the person defamed." *Colborn*, 541 F. Supp. 3d at 899. Plaintiff alleges that he received C.P.'s response, but he does not suggest that such response was communicated to anyone else.

Nor does C.P.'s alleged failure to comply with the Wisconsin Administrative Code with respect to C.P.'s critical comments give rise to federal jurisdiction. *See Beasley v. Hicks,* No. 18-cv-01193-MJR, 2018 U.S. Dist. LEXIS 110172, at *11 (S.D. Ill. July 2, 2018) ("[T]he violation of a state regulation does not give rise to a constitutional claim." (citing *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) and *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995) ("[F]ailure to follow procedures mandated by state but not federal law . . . can only establish a state law violation."))); *see also Anderson v. Rednour*, No. 12-cv-0111-MJR, 2012 U.S. Dist. LEXIS 93928, at *7 (S.D. Ill. July 9, 2012) ("[T]he violation of an administrative rule, by itself, does not give rise to a constitutional claim.") (citing *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004) and *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)).

Plaintiff also makes passing reference to various federal statutory enactments, including the Americans with Disabilities Act (the "ADA") and 42 U.S.C. § 1985, ECF No. 1 at 7, but he fails to demonstrate how those enactments apply in this case. He appears to suggest that he was discriminated against based on a false perception of having schizophrenia. To the extent that Plaintiff attempts to raise an employment discrimination claim under the ADA, such a claim fails for, at a minimum, failure to plead

two key elements.[3] First, neither the Wisconsin Nursing Board nor any of its members is or was Plaintiff's employer or prospective employer. *See Harris v. Allen Cnty. Bd. of Comm'rs*, 890 F.3d 680, 683 (7th Cir. 2018) ("[T]o bring this ADA claim against [the defendant], [plaintiff] must show that [the defendant] is his employer.") (citing *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015)). Second, being sent a Request for Information containing critical commentary does not constitute an adverse employment action as required by the ADA. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) ("[W]ritten reprimands without any changes in the terms or conditions of [] employment are not adverse employment actions.") (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 902 (7th Cir. 2003) and *Krause v. City of La Crosse*, 246 F.3d 995, 1000 (7th Cir. 2001)).

Similarly, Plaintiff's bald and vague claims of conspiracy are insufficient to raise a civil conspiracy claim under 42 U.S.C. § 1985. *See, e.g.,* ECF No. 1 at 6 ("I have some claim [sic] against Wisconsin Nursing Board's conspiracy.") and 3 ("Wisconsin obtusely providing conspiracy to cover up the spoliation and perjury . . . ."); *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001) ("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff[']s burden . . . .") (citing *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000)). Moreover, § 1985 does not

---

[3]It does not appear that Plaintiff intended to plead discrimination in public accommodation under the ADA, but if that was his intention, such a claim is insufficiently pleaded here. That provision of the ADA requires an allegation of discrimination on the basis of disability "in the full and equal enjoyment . . . of any place of public accommodation." 42 U.S.C. § 12182(a). "Places of public accommodation include businesses open to the public (hotels and restaurants, for example)." *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 610 (7th Cir. 2020) (citing 42 U.S.C. § 12181(7)). Neither the Wisconsin Nursing Board, nor any of its members, falls within that category.

stand on its own—liability under that section "depends on an underlying violation of the plaintiff's civil rights," which Plaintiff has similarly failed to allege. *Indianapolis Minority Contractors Ass'n v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999) ("[T]he absence of any underlying violation of the plaintiff['s] rights precludes the possibility of [his] succeeding on this [Section 1985[]] conspiracy count." (citing *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988), *cert. denied*, 486 U.S. 1043 (1988))).

3. **CONCLUSION**

Plaintiff's complaint is in no state to proceed in federal court. While the Court lacks confidence that Plaintiff will be able to remedy the deficiencies noted herein, the Court will nevertheless give Plaintiff an opportunity to attempt to do so. The Court will order Plaintiff to file an amended complaint, should he wish to continue this action. The Court is enclosing a copy of the non-prisoner complaint form and guide, as well as a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions." Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. He should omit extraneous information that has no bearing on the claim(s) he intends to raise.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to provide answers to the following questions: 1) Who violated his rights?; 2) What did each person specifically do to violate

his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights?

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). Plaintiffs may not add and retract in piecemeal style components to their complaints. *See Brown v. Uhl,* No. 22-CV-131-JPS, 2022 U.S. Dist. LEXIS 136801, at *3 (E.D. Wis. Aug. 2, 2022) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)) ("Complaints may not be amended in a piecemeal fashion; the proposed amended complaint must be complete and set forth all claims against all defendants in one document."). To comply with this Order, if Plaintiff chooses to move forward with this action, Plaintiff needs to submit an amended complaint which contains all the relevant facts in one document.

Accordingly,

**IT IS ORDERED** that Plaintiff, should he wish to continue his action, shall file an amended complaint pursuant to the terms of this Order by **Monday, November 27, 2023**. Failure to do so will result in dismissal of this action for failure to prosecute;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the non-prisoner complaint form and guide and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, be and the same is hereby **DENIED as moot** in light of Plaintiff's payment of the filing fee.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge