# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREW O'CONNOR WATSON,

    Plaintiff,

v.

C.P. *(Name Illegible), Member of the Wisconsin Nursing Board*, and ROBERT W. WEINMAN,

    Defendants.

Case No. 23-CV-1270-JPS

**ORDER**

In September 2023, Plaintiff Andrew O'Connor Watson ("Plaintiff") sued C.P., an unnamed member of the Wisconsin Nursing Board ("C.P."), and various unnamed "Nursing Board Agents." ECF No. 1. Notwithstanding Plaintiff's payment of the filing fee, *id.*, the Court screened the complaint, ECF No. 7.

In its screening order, the Court identified that Plaintiff's allegations related largely to a Request for Information, dated January 28, 2021, apparently sent to him and signed by C.P. in response to an application Plaintiff submitted to renew his registered nurse license. *Id.* at 3. Plaintiff took issue with the Request for Information, which characterized his application as "rambling, disjointed, threatening, and. . . . difficult to understand," as well as with C.P.'s assessment that Plaintiff may not be "competent and fit to practice professional nursing." *Id.* (citing ECF No. 1 at 2). Plaintiff additionally asserted that the Wisconsin Nursing Board and various of its unnamed members were obstructing his attempts to renew his nursing license. *Id.* at 3–4.

Seemingly separate from his issues regarding the Request for Information and his attempt to renew his nursing license, Plaintiff also referenced in his original complaint "a series of murders [that] transpired" in Port Washington, as well as to his 2011 Ozaukee County Circuit Court civil name change case. *Id.* at 4 (quoting ECF No. 1 at 3 and citing *In re Name Change of Andrew Oconnor Watson*, Ozaukee County Circuit Court Case No. 2011CV92, *available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2011CV000092&countyNo=45*). Plaintiff also wrote that he was "wrongfully convicted" in his "first criminal conviction" and that he was an "espionage victim" who had been "fraudulently[ly] diagnosed [with] schizophrenia." *Id.* (quoting ECF No. 1 at 2–3, 5).

The Court began its analysis by noting that the "nature and scope of Plaintiff's claims [was] unclear," that many of the allegations were "largely unintelligible," and that Plaintiff appeared to be impermissibly attempting to "join unrelated suits against various parties in a single suit." *Id.* at 4–5 (quoting ECF No. 1 at 6 and citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The Court noted that although "some of Plaintiff's assertions . . . sound[ed] vaguely in defamation," they did not state a claim for defamation because C.P.'s opinions as to the nature of Plaintiff's application and his fitness for nursing were not "[]capable of being proven false" and were not "communicated . . . to a person other than the person defamed." *Id.* at 5–6 (quoting *Terry v. Uebele*, No. 2009AP2381, 2011 Wisc. App. LEXIS 34, at *10 (Wis. Ct. App. Jan. 19, 2011) and *Colborn v. Netflix Inc.*, 541 F. Supp. 3d 888, 899 (E.D. Wis. 2021)). Nor, the Court wrote, did C.P.'s "alleged failure to comply with the Wisconsin Administrative Code with respect to C.P.'s critical comments give rise to federal jurisdiction." *Id.* at 6 (citing

*Beasley v. Hicks*, No. 18-cv-01193-MJR, 2018 U.S. Dist. LEXIS 110172, at *11 (S.D. Ill. July 2, 2018) and *Anderson v. Rednour*, No. 12-cv-0111-MJR, 2012 U.S. Dist. LEXIS 93928, at *7 (S.D. Ill. July 9, 2012)). And although Plaintiff referenced both the Americans with Disabilities Act and 42 U.S.C. § 1985, it was not apparent how those enactments applied to Plaintiff's allegations. *Id*. at 6–7 & n.3. Similarly, the Court concluded that "Plaintiff's bald and vague claims of conspiracy [were] insufficient to raise a civil conspiracy claim under . . . § 1985" and, in any event, Plaintiff had failed to allege the requisite "underlying violation of [his] civil rights." *Id.* at 7–8 (citing ECF No. 1 at 3, 6; *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001); and *Indianapolis Minority Contractors Ass'n v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999)).

In light of these issues, the Court afforded Plaintiff an opportunity to file an amended complaint, although it noted that it "lack[ed] confidence that Plaintiff w[ould] be able to remedy the deficiencies noted." *Id.* at 8. Now before the Court is Plaintiff's amended complaint, ECF No. 8, and the Court will again screen it. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status.") (citing 28 U.S.C. § 1915(e)(2)(B)).

Plaintiff's amended complaint omits reference to the "John or Jane Doe Nursing Board Agents #1 thru [sic] #10" named in his original complaint, ECF No. 1 at 1, and instead specifically names Robert W. Weinman, "Board Chairman." ECF No. 8 at 2. Otherwise, Plaintiff's amended complaint makes similarly confusing and seemingly unrelated allegations. He now writes that shortly after he received confirmation of the filing of his original complaint, an individual named Jorge Acuna

"attempted a hit-and-run motor vehicle accident with [Plaintiff's] parked vehicle." *Id.* at 3. He writes that "perhaps material, the family"—whose, his own?—"has experienced two deaths, unsuspicious" and that he has "received credible terroristic threats against the water and children." *Id.* Plaintiff continues to take issue with C.P.'s characterizations of his application and fitness for nursing, which Plaintiff now refers to as "unqualified legal conclusions with the force of presumptive unfitness to work which is subject to psychological testing." *Id.* at 5. Plaintiff also writes that "Wisconsin is a dangerous place for" him, and notes that "[t]wo weeks after the untimely death of [his] neighbor in 2020[,] [his] phone was shut off remotely and" "a single unknown male" forcibly entered his home "during police shift change." *Id.* at 6–7. Plaintiff seeks, inter alia, an "injunction against Wisconsin's [request for information]" and asks that the Court "stop the burden" on his attempts at renewing his license. *Id.* at 9.[1]

Plaintiff has not remedied the issues the Court noted in its October 30, 2023 order. If anything, his amended complaint is even more disjointed and unintelligible than the original. He does not dispute the Court's conclusions regarding the legal deficiencies of the claims that Plaintiff appeared to attempt to raise, and he appears to have made no attempt to address those deficiencies. "Even applying the liberal standards applicable

---

[1] It has also come to the Court's attention that, mere weeks after filing the instant case, Plaintiff filed a related case in the Southern District of California. *See Andrew O'Connor Watson v. City of Santee,* No. 3:23-cv-01913-AGS-AHG (S.D. Cal. Oct. 19, 2023). In his complaint for that case, Plaintiff writes that "[f]ollowing the filing of case number 23-cv-[1270] in the Eastern District of Wisconsin[,] I have a litany of threats." *Id.*, ECF No. 1 at 2. As in his amended complaint in the instant case, Plaintiff there references the "hit-and-run attempt on [his] parked car by a Mr. Jorge Acuna." *Id.* He also writes that he and his "kids have been threatened" and that he and his partner "are showing signs of internal bleeding." *Id.* at 3.

in pro se cases," the Court is unable to discern any viable claim in Plaintiff's amended complaint. *Haddad v. River Forest Police Dep't*, 384 F. App'x 513, 513 (7th Cir. 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Plaintiff is also not entitled to an injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). It "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)). "A plaintiff seeking a preliminary injunction must establish," inter alia, "that he is likely to succeed on the merits." *Winter*, 555 U.S. at 20. In light of the Court's foregoing discussion, Plaintiff has not demonstrated that he is "likely to succeed on the merits" so as to warrant the "extraordinary remedy" of an injunction. *Id.* at 20, 24.

For all these reasons, the Court will deny Plaintiff's request for an injunction and dismiss his case without prejudice.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff Andrew O'Connor Watson's request for an injunction, ECF No. 8 at 9, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** without prejudice.

---

[2]Because the Court cannot fully understand what Plaintiffs' intended claims are, dismissal of this case with prejudice would be inappropriate at this juncture. *See Osterbur v. United States IRS,* No. 07-2040, 2007 U.S. Dist. LEXIS 55070, at *2 (C.D. Ill. May 15, 2007) ("Like any complaint, a pro se complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citing *Haines,* 404 U.S. at 521).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge